Stephen Charles McArthur (Bar No. 277712)
stephen@smcarthurlaw.com
The McArthur Law Firm
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone: (323) 639-4455
Facsimile: (855) 420-7032
Attorneys for Plaintiff
MARINA VAPE, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| MARINA VAPE, LLC | Case No.: 2:16-cv 1028 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*);** |
| BRIAN NASHICK and JAZZY BOBA, LLC | 2. **COMMON LAW TRADEMARK INFRINEGMENT;** |
| Defendants. | 3. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));** |
| | 4. **STATE STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 *et seq.*); and,** |
| | 5. **STATE COMMON LAW UNFAIR COMPETITION.** |
| | 6. **STATE TRADEMARK INFRINGEMENT (Cal. Bus. & Prof. Code § 14245)** |
| | 7. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS** |
| | 8. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Marina Vape, LLC ("Marina Vape") brings this action against Defendants Brian Nashick and Jazzy Boba, LLC ("Mr. Nashick" and "Jazzy

COMPLAINT        1        Case No.: 2:16-cv 1028

Boba," respectively) for federal copyright infringement, federal trademark infringement, common law trademark infringement, state trademark infringement, state statutory unfair competition, and state common law unfair competition and complains as follows:

## NATURE OF THE ACTION

1.     This action arises out of Defendants' blatant theft of Marina Vape's valuable intellectual property rights in its Thai Boba Iced Tea photograph ("the Photograph"), and its distinctive "Dewwy Boba" and "Jazzy Boba" trademarks.

2.     Marina Vape sells high quality, well-crafted e-liquid flavors to consumers for use in e-cigarette products.

3.     Marina Vape's business model heavily depends on being able to effectively market its products to its consumers online.

4.     Marina Vape's marketing and product-related photographs are absolutely essential to the sale of its products. Those photographs evoke the unique flavors of Marina Vape's e-liquid products and accurately express the sensations associated with its flavors to its customers.

5.     Defendants also manufacture and sell e-liquid products for e-cigarettes.

6.     As a player in the e-liquids market, Defendants understand the importance of using high-quality photographs on its product labels and as part of its online marketing campaigns.

7.     Without compensating Marina Vape or obtaining a license, Defendants illegally misappropriated the Photograph by using the Photograph in 2015 and 2016 on its "Thai Boba" e-liquid product.

8.     Defendants have marketed their product with the illegally misappropriated Photograph on various social media and marketing websites,

including Facebook and Instagram, and sold the product to wholesale customers on its websites at www.jazzyorders.com.

9.    To this day, Defendants continue to use the Photograph with blatant disregard to Marina Vape's copyright.

10.    Not stopping at just stealing copyrights, Defendant has even copied the entire brand names of certain of Marina Vape's products.

11.    Marina Vape created its own unique formula and flavor for a produced called "Jazzy Boba" that it has kept a trade secret and not shared with Defendants or anyone else.

12.    On December 29, 2014, Marina Vape first used the Jazzy Boba mark in interstate commerce.

13.    On July 22, 2015, Marina Vape created the name of and formula for a new brand it entitled "Dewwy Boba".

14.    Marina Vape employees were entirely responsible for the creation of the Dewwy Boba formula and the name "Dewwy Boba".

15.    On August 17, 2015, Marina Vape used Dewwy Boba in interstate commerce by selling Dewwy Boba e-liquid products to E-Cig Distributors and eJuices.co.

16.    In October 2015, after Marina Vape already created, marketed, and sold its Jazzy Boba and Dewwy Boba e-liquid products, Defendants started selling their own e-liquid products using the *identical* names Jazzy Boba and Dewwy Boba (collectively, the "Infringing Goods").

17.    To this day, Defendants continue to illegally market, advertise, sell, and distribute the Infringing Goods that utilize Marina Vape's Jazzy Boba and Dewwy Boba trademarks.

18.     Marina Vape has reached out to Defendants concerning this trademark infringement, but Defendants have not complied with any requests to cease and desist.

19.     Accordingly, due to Defendants' blatant and willful infringement, Marina Vape has no choice but to file this lawsuit seeking damages that it has suffered as a result of Defendants' copyright and trademark infringement and intentional interference with contractual relations and prospective economic advantage.

## JURISDICTION AND VENUE

20.     This is a civil action seeking damages for copyright infringement, under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and trademark infringement, and false designation of origin under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* It further arises under the state law of common law intentional interference with contractual relations and prospective economic advantage and trademark infringement under California's Model State Trademark Law, Bus. & Prof. Code § 14200 *et seq.*

21.     This Court has jurisdiction of the federal claims under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), and Cal. Bus. & Prof. Code §§ 14245, 17200, those claims being joined with a substantial and related claim under the trademark laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

22.     This Court has personal jurisdiction over Mr. Nashick and Jazzy Boba because Jazzy Boba does business in California, Jazzy Boba is merely an alter ego of Mr. Nashick, and Marina Vape does business in and is suffering harm in California.

23.     Although Jazzy Boba has its principal place of business in Florida, Jazzy Boba does substantial business in California and, because of these sales, Jazzy Boba is considered a "pseudo foreign" corporation and is subject to California Law under CA Corp. Code § 2115(b).

24.     Jazzy Boba is merely an alter ego of Mr. Nashick, due to the shared principal place of business, inaccuracy of corporate records, failure to observe corporate formalities, intermingling of assets of Jazzy Boba and Mr. Nashick, and treatment of Jazzy Boba's assets as those of Mr. Nashick. Due to the unity of interests and ownership between Jazzy Boba and Mr. Nashick and the existence of great injustice and fraud in the absence of piercing Jazzy Boba's corporate veil, this Court has personal jurisdiction over both Defendants.

25.     Venue is proper in this District under 28 U.S.C. § 1391.

## PARTIES

26.     Marina Vape is a California limited liability company with its principal place of business at 4943 McConnell Avenue, Suite N, Los Angeles, California, United States 90066.

27.     Under information and belief, Mr. Nashick is an individual and Jazzy Boba is a Florida limited liability company. Mr. Nashick resides, and Jazzy Boba has its principal place of business, at 2640 SW 54 Street, Fort Lauderdale, Florida, United States 33312.

## GENERAL ALLEGATIONS

### A. Thai Boba Iced Tea Copyright Infringement

28.     Marina Vape sells high quality, well-crafted e-liquid flavors to consumers for use in e-cigarette products.

29.     Marina Vape's business model heavily depends on being able to effectively market its products to its consumers online. Specifically, Marina

Vape's marketing and product-related photographs are absolutely essential to the sale of its products.

30.     Mr. Nashick is the founder of Jazzy Boba, LLC.

31.     In July 2013, Rachel Cox created The Photograph.

32.     On December 5, 2015, Marina Vape acquired an assignment of the copyright in The Photograph from Ms. Cox.

33.     On December 8, 2015, the recordation of copyright assignment from Ms. Cox to Marina Vape was filed with the Copyright Office. Attached hereto as **Exhibit A** is a true and correct copy of The Photograph.

34.     On December 11, 2015, the copyright application was filed with the Copyright Office and was assigned case number 1-2940861851. Attached hereto as **Exhibit B** is a true and correct copy of the copyright application.

35.     Defendants' product-related photographs, such as the Photograph at issue, evoke the unique flavors of its products and are critical to its sales.

36.     The Photograph is the first thing a customer sees when choosing to purchase the Thai Boba product from Defendant. Customers buying e-liquids typically cannot sample or experience the product beforehand, making the visuals and imagery associated with the product vital to the customer's first impressions and decision to ultimately purchase the product.

37.     Defendants knew of the Photograph's great marketing value, as evidenced by their decision to put it on the label for their new "Boba Thai" e-liquid flavor. Many companies and restaurants spend millions of dollars marketing and advertising their products, acknowledging the power and importance of using effective and alluring visuals and packaging.

38.     Moreover, customers buy flavored e-liquids entirely to experience the specific flavor involved.

39.     Defendants carefully chose the Photograph as the label for their product because it effectively and perfectly captures the flavor and sensations of boba iced tea.

40.     Almost the entirety of the label on Defendants' Boba Thai e-liquid flavor consists of the original copyrighted Photograph. Defendants merely added the descriptive words "Thai Boba" and an ingredients list over the Photograph in order to create the label.

41.     The major driving force influencing both customers' first impressions of Defendant's Thai Boba and their decision to buy the product comes almost entirely from Marina Vape's copyrighted Photograph.

42.     For these reasons, Defendants' use of Marina Vape's copyrighted Photograph has immensely contributed to the success and sales of Defendants' Boba Thai e-liquid flavor.

43.     Marina Vape is the exclusive owner of the copyright to the Photograph.

44.     Defendants never purchased a license to copy, use, or display the Photograph.

45.     Defendants likely downloaded the image from the internet without regard as to compensating the owner of the copyright in the Photograph.

46.     Defendants had access to the Photograph by virtue of its distribution online at Rachel Cox's website, which is accessible at www.rachelcooksthai.com.

47.     Without compensating the copyright owner in any way, Defendants appropriated the Photograph and posted it online on its own website and on various social media and marketing sites, including Facebook and Instagram.

48.     Defendants have blatantly copied and misappropriated the original image in the Photograph.

49.     The table below provides the URLs, including social media and third party sales websites, where some of Defendants' infringements of the Photograph could be found as of February 12, 2015.

| Infringement URLs |
|---|
| |
| https://www.facebook.com/JazzyBoba/photos/a.949062545105001.1073741828.949038185107437/1122220347789219/?type=3&theater |
| https://www.instagram.com/p/_KkrIwuq9R/ |
| https://instagy.com/media/1175576212898754379 |
| http://ink361.com/app/users/ig-1707278754/jazzyboba/photos/ig-1145177731004804680_1707278754 |
| http://webstagrammy.com/jazzyboba/thai-or-dewwy-which-would-you-pick-up-if-you-could-only-have-one |
| http://iconosquare.com/p/1155990049137536979_1707278754 |
| http://breazy.com/products/thai-boba-e-liquid |
| http://smokeovapor.com/thai-boba-ejuice-30ml/ |
| http://www.dashvapes.com/products/e-juice/24/thai+boba/1184/10450 |
| http://www.vapevo.com/shop/juice/thai-boba/ |
| http://www.elevatedvaping.com/products/thai-boba |
| http://www.btvape.com/Thai-Boba-ejuice-by-Jazzy-boba_p_1179.html |
| http://www.costvape.com/Thai-Boba-ejuice-by-Jazzy-boba_p_637.html |
| http://wevapehere.com/products/thai-boba |
| http://www.yelp.com/biz_photos/break-time-vape-costa-mesa?select=1DfFILbF2t90TtgUdctERw |
| http://vape-street.com/jazzy-boba-thai-boba/ |
| https://twitter.com/AllAboutVapor/status/684759316801310720 |

50.    Defendants infringed the copyrighted Photograph dozens of separate times, across several social media and authorized third-party sales and distribution websites.

51.    As of February 12, 2016, Defendants brazenly continue to host Marina Vape's copyrighted Photograph on social media websites, including Facebook and Instagram, as well as sell this product to wholesale customers on its websites at www.jazzyorders.com.

52.    Wholesale customers continue to sell Defendants' product bearing the Photograph to retail customers at websites such as www.vaporyshop.com, www.dashvapes.com, www.breazy.com, and www.vapevo.com.

53.    Retail sellers of Defendants' Thai Boba e-liquid flavor sell the product for approximately $12.99 for a 15mL container, $21.99 to $22.99 for a 30mL container, and $68.00 to $79.99 for a 120mL container.

54.    Marina Vape's copyrighted Photograph continues to be displayed online on Defendants' product labels and can be found at numerous websites. For instance, the copyrighted Photograph can be seen on Facebook at https://www.facebook.com/JazzyBoba/photos/a.949062545105001.1073741828.94 9038185107437/1122220347789219/?type=3&theater. Below is a screenshot of



the URL taken in February 2016. Marina Vape's Photograph was used by Defendants at least eight times on Facebook.

55.     Marina Vape's Photograph can be seen on Instagram at https://www.instagram.com/p/_KkrIwuq9R/?taken-by=jazzyboba. Below is a screenshot of the URL taken in February 2016. Marina Vape's Photograph was used by Defendants at least thirteen times on Instagram.



56.     Marina Vape's Photograph can be seen on INK361 at http://ink361.com/app/users/ig-1707278754/jazzyboba/photos/ig-1145177731004804680_1707278754. Below is a screenshot of the URL taken in February 2016. Marina Vape's Photograph was used by Defendants at least thirteen times on INK361.



57.     Marina Vape's Photograph, as it appears on Defendants' product labels, can be seen on several other third-party sales and distribution websites, such as DashVapes at http://www.dashvapes.com/products/e-juice/24/thai+boba/1184/10450.

### B. Jazzy and Dewwy Boba Trademark Infringement

58.     Marina Vape, through its predecessor, Alpha Vape LLC, created its own unique formula and flavor for that is has kept a trade secret and not shared with Defendants or anyone else. That flavor was named "Jazzy Boba".

59.     On December 29, 2014, Marina Vape first used the "Jazzy Boba" mark in interstate commerce.

60.     Marina Vape currently has a pending federal trademark application for Jazzy Boba, serial number 86771515, for chemical flavorings, and cartridges sold filled with chemical flavorings, in liquid form used to refill electronic

COMPLAINT                            11                      Case No.: 2:16-cv 1028

cigarette cartridges, electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges.

61.   Then, on July 22, 2015, Marina Vape created the name of and formula for "Dewwy Boba."

62.   A Marina Vape employee named Cayse Cruz was entirely responsible for the creation of the formula, recipe, and taste for the Dewwy Boba e-liquid product.

63.   On August 17, 2015, Marina Vape used Dewwy Boba in interstate commerce by selling Dewwy Boba e-liquid products to E-Cig Distributors and eJuices.co.

64.   Marina Vape, and not Defendants, was the first party to affix the Dewwy Boba trademark to a product and engage in interstate commerce.

65.   On January 7, 2016, Marina Vape successfully registered its Dewwy Boba trademark, receiving a certificate of registration of trademark in the State of California for chemical flavorings, and cartridges sold filled with chemical flavorings, in liquid form used to refill electronic cigarette cartridges, and e-liquids comprised of flavorings in liquid form used to refill electronic cigarette cartridges. Attached hereto as **Exhibit C** is a true and correct copy of the California state trademark registration for Dewwy Boba.

66.   Until Defendant's infringement in September 2015, Marina Vape was solely responsible for all marketing, advertising, manufacturing, distribution, sales, consumer interactions, and distributor interactions related to both its Jazzy Boba and Dewwy Boba e-liquid products.

67.    Marina Vape also solely maintained the quality and uniformity of the Jazzy Boba and Dewwy Boba products.

68.   Distributors, wholesale customers, and retail customers correctly identified the product as coming from Marina Vape.

69. In September 2015, after Marina Vape already created, marketed, and sold its own Jazzy Boba and Dewwy Boba e-liquid products, Marina Vape first suspected Defendants plans to begin selling their own e-liquid products with their own formula using the identical names of "Jazzy Boba" and "Dewwy Boba".

70. Plaintiff sent a cease and desist letter to Defendants on September 22, 2015 demanding that it stop its plans to manufacture and sell any Infringing Goods.

71. After its cease and desist letter, Plaintiff followed up twice in writing with Defendants, but received no response.

72. In October 2015, Marina Vape learned that Defendants had begun manufacturing the Infringing Goods.

73. Marina Vape sent a cease and desist letter to Defendants' distributor, Craft Vapory, Inc., on October 13, 2015.

74. Defendants infringement of Marina Vape's trademark rights was willful because they have always known that Marina Vape owned both trademarks to Jazzy Boba and Dewwy Boba.

75. Defendants' marks are identical to that of Marina Vape's marks.

76. Due to the identical nature of the trademarks involved, there is a likelihood of confusion as to the source of Defendants' Infringing Goods, which has and continues to significantly harm Marina Vape's reputation and valuable goodwill in its trademarks.

77. Defendants continue to market, advertise, sell, and distribute the Infringing Goods that utilize Marina Vape's Jazzy Boba and Dewwy Boba trademark brand names.

78. Since late 2015, Defendants have engaged in a marketing campaign to discredit Marina Vape as being as the true trademark owner. Defendants' discrediting marketing continues to disparage Marina Vape's business and

reputation, further harming its trademarks, customer relations, and overall goodwill.

79. Marina Vape tirelessly spent a considerable amount of money, resources, and time creating its distinct intellectual property, from securing the rights to copyrighted images to fine tuning each product's recipe and formula in order to perfectly evoke the flavors of its e-liquid products.

80. Defendants' Infringing Goods are identical or substantially indistinguishable from Marina Vape's trademarks.

## C. **INTENTIONAL INTERFERENCE**

81. Starting in September 2015, Defendants have been contacting Marina Vape's distributors, vendors, accounts and customers, some of which had existing contractual relationships with Marina Vape and the remainder of which had a probability of future economic benefit to Marina Vape, (collectively, "Customers") and have been demanding that Customers not continue to do business with Marina Vape.

82. Defendants' sent text messages and emails, and made phone calls and social media posts advising Customers to breach their contracts with Marina Vape and not to do business with Marina Vape.

83. Defendants told Customers that Marina Vape was an "unauthorized distributor" of Dewwy Boba in order to induce those Customers to do business with Defendants instead of Marina Vape.

84. As one example, on September 30, 2015, Defendants emailed numerous Customers, including http://derbecigs.com/ , and told them that Marina Vape was no longer authorized to sell e-liquid to them.

85. Defendants furthermore told numerous Customers that they would be in violation of Defendants' intellectual property rights if they purchased or continued to purchase or sell goods from Marina Vape.

86.     Marina Vape had existing contracts with many of the Customers that Defendants contacted.

87.     Marina Vape had a probability of future economic benefit with the remainder of the Customers.

88.     Defendants, by virtue of their prior business relationship with Marina Vape, had actual knowledge of those contracts with Customers and those prospective contracts with Customers.

89.     Defendants acted intentionally to induce numerous Customers to breach their contracts with Marina Vape.

90.     Defendants acted intentionally to disrupt Marina Vape's contractual relationship with Customers.

91.     The purpose of Defendants' conduct was to secure beneficial contractual relationships for itself.

92.     As a result, relationships with Customers were in fact disrupted and contracts were breached.

93.     Defendants actions caused both a direct loss of goodwill in Marina Vape's business and a direct loss of revenue from lost Customers resulting in economic harm.

94.     Accordingly, due to Defendants' blatant and willful infringement and refusal to pay a licensing fee for use of Marina Vape's copyrights, trademarks, Marina Vape has no choice but to file this lawsuit seeking damages that it has suffered as a result of Defendants' copyright infringement, trademark infringement, unfair competition, false designation of origin, intentional interference with contractual relations and prospective economic advantage, for Defendants to disgorge the illegal profits it has made off its unlawful infringement, and for preliminary and permanent injunctive relief.

# FIRST CLAIM FOR RELIEF

## Federal Copyright Infringement

### (Pursuant to 17 U.S.C. § 101 *et seq.*)

95.     Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

96.     This Count arises under the Copyright Act of 1976, Title 17 United States Code §101 *et seq.*

97.     The Photograph is a wholly original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.* and Marina Vape owns the exclusive rights, titles, interests, privileges in and to the Photograph.

98.     Marina Vape filed the copyright application with the Copyright Office and was assigned case number 1-2940861851.

99.     Defendants intentionally copied, displayed, and used the Photograph and created derivate works of the Photograph.

100.    Defendants had access to the Photograph by virtue of its distribution online at Rachel Cox's website, which is accessible at www.rachelcooksthai.com.

101.    Defendants distributed the Photograph and created derivative works of the Photograph on various social media and third-party distribution sites.

102.    Defendants infringed the copyrighted Photograph dozens of separate times, across several social media and third-party sales and distribution websites.

103.    Defendants additionally infringed the copyrighted Photograph thousands of separate times by printing and distributing product labels of its Boba Tea manufactured and sold that displayed the Photograph.

104.    As of the date of the filing of this Complaint, Defendants continue to distribute and display copies and or edited copies of the Photograph on several social media websites, including the following URLs:

a)  https://www.facebook.com/JazzyBoba/photos_stream

b)  https://www.instagram.com/jazzyboba/

c)  http://ink361.com/app/users/ig-1707278754/jazzyboba/photos

105.   Defendants' copyright infringement has been deliberate and with willful disregard to Marina Vape's intellectual property rights.

106.   By its actions alleged above, Defendants have infringed and will continue to infringe Marina Vape's copyright in the Photograph by, inter alia, copying, publicly displaying, and distributing the Photograph, and images that are substantially similar to and derived from the Photograph, without any authorization or other permission from Marina Vape. Defendants have violated Marina Vape's exclusive rights under 17 U.S.C. § 106.

107.   Defendants have realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined, and will continue to realize unjust profits, gains and advantages as a proximate result of their infringement as long as such infringement is permitted to continue.

108.   Defendants have not only sold this product directly to wholesale customers and indirectly to retail customers, but they have also established distribution connections with wholesale e-liquid sellers and distributors and taken many of Marina Vape's customers in this market.

109.   Due to the importance of marketing, product labels, and other visuals that tie a customer's impressions to the flavor and value of an e-liquid product, Marina Vape has suffered greatly in terms of actual damages.

110.   Marina Vape has lost sales, customers, marketing value, and overall goodwill due to Defendants' copyright infringement and theft of the Photograph.

111.   Defendants' rampant use of the Photograph across numerous social media and third-party distribution websites illustrates that Defendants fully

understand the great marketing value of the Photograph for selling e-liquid products.

112.   Defendants' use of the Photograph online and on their product label constitutes the Defendants' primary marketing tool for selling their Thai Boba e-liquid product and, therefore, has chiefly contributed to the success and resulting sales of Defendant's product.

113.   As a direct and proximate result of Defendants' willful copyright infringement, Marina Vape has suffered, and will continue to suffer actual damages. Marina Vape is entitled to its actual damages and any gains, profits, and advantages obtained by Defendants as a result of its acts of infringement and its use and publication of the copied materials, 17 U.S.C. § 504(b). Marina Vape is also entitled to full costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

114.   Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

115.   Defendants have used in commerce spurious marks that are identical with or substantially indistinguishable from Marina Vape's Jazzy Boba and Dewwy Boba marks, in connection with Defendants' sale, offering for sale, distribution and/or advertising of Defendants' Infringing Goods, as seen below.



116.   In the image above, one e-liquid bottle is manufactured and sold by Marina Vape and the other e-liquid bottle is manufactured and sold by Defendants. As seen in this image, the two are identical in every way.

117.   Marina Vape first used the Jazzy Boba and the Dewwy Boba trademarks in interstate commerce on December 29, 2014 and August 17, 2015, respectively, in connection with e-liquid and e-flavor products for e-cigarettes.

118.   Marina Vape successfully registered Dewwy Boba trademark in the State of California on January 7, 2016.

119.   Defendants did not begin a continuous use in interstate commerce of their own Jazzy Boba and Dewwy Boba e-liquid products until October 2015, long after Marina Vape already used begun continuous use of both trademarks in interstate commerce.

120.    Marina Vape was solely responsible for the creation, advertising, marketing, distribution, and sales of its Jazzy Boba and Dewwy Boba e-liquid products.

121.    Consumers recognize the Jazzy Boba and Dewwy Boba trademarks as designating the source of goods and services. Marina Vape has common-law trademark rights in the Jazzy Boba and Dewwy Boba trademarks under California law.

122.    Defendants' wrongful conduct in the State of California has caused Marina Vape irreparable injury for which there is no adequate remedy at law. This injury includes injury to Marina Vape's reputation, which cannot be remedied by damages. Marina Vape is entitled to an injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting in concert with them, or on their behalf, from either: (1) using any trademarks that are confusingly similar to Marina Vape's Dewwy Boba trademark; or (2) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendants and Marina Vape

123.    Marina Vape is also entitled to recover: (1) Defendants' profits; (2) Marina Vape's ascertainable damages; and (3) Marina Vape's costs of suit. Defendants' willful infringement of the Jazzy Boba and Dewwy Boba trademarks without justification entitles Marina Vape to its attorneys' fees.

## THIRD CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin

### (Pursuant to 15 U.S.C. § 1125(a))

124.    Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

125.    Defendants have, in connection with their Infringing Goods, used in commerce Plaintiff's Jazzy Boba and Dewwy Boba trademarks.

126. Defendants' creation, production, offering for sale, sale, advertisement and/or distribution of Defendants' Infringing Goods, which use Plaintiff's distinctive trademarks, has been and is without Plaintiff's permission or consent, and constitutes designation of a term, symbol, device or combination thereof, that is false or misleading within the meaning of 15 U.S.C. § 1125.

127. Plaintiff has suffered harm as a result of Defendants' acts.

128. By their aforesaid acts, particularly Defendants' imitation of Plaintiff's trademarks that Plaintiff uses in connection with its e-liquid goods, which are sold and distributed in interstate commerce and in this judicial district, Defendants have infringed and are likely to continue to infringe on Plaintiff's substantial rights in and to the Jazzy Boba and Dewwy Boba trademarks. In so doing, Defendants have represented and designated falsely to the public generally, and to relevant consumers specifically, the source of origin of Plaintiff's trademarks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

129. Defendants' Infringing Goods constitute false descriptions and representations tending to falsely describe or represent Defendants and Defendants' Infringing Goods as being authorized, sponsored, affiliated or associated with Plaintiff, when in fact they are not.

130. Defendants' use of counterfeits, copies and confusingly similar imitations of Plaintiff's Jazzy Boba and Dewwy Boba trademarks on Defendants' Infringing Goods will likely cause confusion and mistake, deceive and mislead the purchasing public, trade upon Plaintiff's reputation for producing goods of the highest quality, and improperly appropriate to themselves Plaintiff's valuable intellectual property rights.

131. For each act of infringement, Plaintiff is entitled to recover Defendants' profits pursuant to 15 U.S.C. § 1117.

132.   Plaintiff states, upon information and belief, and thereupon alleges, that Defendants' infringement is both intentional and egregious entitling Plaintiff to an award of treble Defendants' profits, plus attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b).

133.   Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiff if such acts are not enjoined by this Court. Plaintiff is, therefore, entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing infringement of Plaintiff's trademarks.

## **FOURTH CLAIM FOR RELIEF**
### **State Statutory Unfair Competition**
### **(Pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*)**

134.   Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

135.   Plaintiffs are the owners of all rights, title, and interest in the Dewwy Boba and Jazzy Boba trademarks.

136.   Plaintiff states, upon information and belief, and thereupon alleges, that Defendants have intentionally appropriated the Dewwy Boba and Jazzy Boba trademarks with the intent of causing confusion, mistake, and deception as to the source of their goods with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff.

137.   Plaintiff states, upon information and belief and thereupon alleges, that Defendants' actions, including those specifically complained of herein, with respect to Defendants' misappropriation of Plaintiff's Dewwy Boba and Jazzy Boba trademarks in connection with Plaintiff's e-liquid products, advertisements

and packaging have violated the unfair competition laws of the State of California, specifically California Business and Professions Code § 17200 *et seq*.

138.    Plaintiff has no adequate remedy at law. The conduct of Defendants has caused, and if not enjoined will continue to cause, Plaintiff irreparable harm and damage their Dewwy Boba and Jazzy Boba trademarks and to Plaintiff's businesses, reputations, and goodwill.

139.    Marina Vape is entitled to preliminary and permanent injunctive relief.

## FIFTH CLAIM FOR RELIEF
### State Common Law Unfair Competition

140.    Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

141.    Plaintiffs are the owners of all rights, title, and interest in and to the Dewwy Boba and Jazzy Boba trademarks used by Plaintiff by virtue of their extensive manufacture, marketing and sale of products bearing such trademarks. In particular, because of their sales and publicity, Plaintiff has acquired common law trademark rights in and to their Dewwy Boba and Jazzy Boba trademarks for their e-liquid products.

142.    The infringing products imported, advertised, distributed, offered for sale and sold by Defendants incorporate matter constituting replicas and imitations of Plaintiff's common law trademarks. Such unauthorized use by Defendants of Plaintiff's common law trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiff when, in fact, they are not.

143.   Plaintiff states, upon information and belief and thereupon alleges, that Defendants have willfully and intentionally misappropriated one or more of Plaintiff's common law trademarks with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff, and as such, Defendants have committed trademark infringement and unfair competition under the common law.

144.   By such actions in infringing Plaintiff's common law trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such trademarks.

145.   Plaintiff states, upon information and belief and thereupon alleges, that Defendants committed the above alleged acts oppressively, fraudulently, maliciously and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of California in an amount sufficient to punish, deter, and make an example of Defendants.

146.   Plaintiff has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiff's rights in and to their trademarks, and to Plaintiffs' businesses, reputations, and goodwill.

### SIXTH CLAIM FOR RELIEF

### Trademark Infringement Under California Law
### (Pursuant to Cal. Bus. & Prof. Code § 14245)

147.   Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

148.   Defendants' unauthorized use of Marina Vape's trademarks in connection with the sale, offering for sale, distribution, and advertising of its

services is likely to cause confusion or mistake or to deceive as to the source or origin of its services in violation of California Business and Professions Code § 14245.

149.   Defendant's infringement has been with knowledge of Marina Vape's rights.

150.   Marina Vape states, upon information and belief and thereupon alleges, that Defendants committed the above alleged acts oppressively, fraudulently, maliciously and in conscious disregard of Marina Vape's rights, and Marina Vape is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of California in an amount sufficient to punish, deter, and make an example of Defendants.

151.   Marina Vape has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause, irreparable damage to Marina Vape's rights in and to their trademarks, and to Marina Vape's businesses, reputations, and goodwill.

## SEVENTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

### (Pursuant to Cal. Bus. & Prof. Code § 14245)

152.   Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

153.   Starting in September 2015, Defendants have been contacting Marina Vape's distributors, vendors, accounts and customers, that had existing contractual relationships with Marina Vape (collectively, "Contractual Customers").

154.   Defendants' sent text messages and emails, and made phone calls and social media posts advising Contractual Customers to breach their contracts with Marina Vape and not to do business with Marina Vape.

155.   Defendants told Customers that Marina Vape was an "unauthorized distributor" of Dewwy Boba in order to induce those Contractual Customers to do business with Defendants instead of Marina Vape.

156.   As one example, on September 30, 2015, Defendants emailed numerous Contractual Customers, including http://derbecigs.com/ , and told them that Marina Vape was no longer authorized to sell e-liquid to them.

157.   Defendants furthermore told numerous Contractual Customers that they would be in violation of Defendants' intellectual property rights if they purchased or continued to sell from Marina Vape.

158.   Marina Vape had existing contracts with many of the Customers that Defendants contacted.

159.   Defendants, by virtue of their prior business relationship with Marina Vape, had actual knowledge of the contracts with those Contractual Customers.

160.   Defendants acted intentionally to induce numerous Contractual Customers to breach their contracts with Marina Vape.

161.   Defendants acted intentionally to disrupt Marina Vape's contractual relationship with Contractual Customers.

162.   The purpose of Defendants' conduct was to secure beneficial contractual relationships for itself.

163.   As a result, relationships with Contractual Customers were in fact disrupted and contracts were breached.

164.   Defendants actions caused both a direct loss of goodwill in Marina Vape's business and a direct loss of revenue from lost Contractual Customers resulting in economic harm.

165.   Defendants conduct was willful.

166.   Marina Vape is thus entitled to recover compensatory damages from Defendants for their Intentional Interference with Contractual Relations.

## EIGTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Relations

### (Pursuant to Cal. Bus. & Prof. Code § 14245)

167.   Marina Vape repeats and realleges each and every allegation above as if fully set forth herein.

168.   Starting in September 2015, Defendants have been contacting Marina Vape's distributors, vendors, accounts and customers, who had a probability of future economic benefit to Marina Vape, (collectively, "Prospective Customers").

169.   Defendants' sent text messages and emails, and made phone calls and social media posts advising Prospective Customers to breach their contracts with Marina Vape and not to do business with Marina Vape.

170.   Defendants told Prospective Customers that Marina Vape was an "unauthorized distributor" of Dewwy Boba in order to induce those Customers to do business with Defendants instead of Marina Vape.

171.   As one example, Defendants furthermore told numerous Prospective Customers that they would be in violation of Defendants' intellectual property rights if they purchased or sold goods from Marina Vape.

172.   Marina Vape had a probability of future economic benefit with the Prospective Customers.

173.   Defendants, by virtue of their prior business relationship with Marina Vape, had actual knowledge of those prospective contracts with the Prospective Customers.

174.   Defendants acted intentionally to disrupt Marina Vape's relationship with Prospective Customers.

175.   The purpose of Defendants' conduct was to secure beneficial contractual relationships for itself.

176.   As a result, relationships with Prospective Customers were in fact disrupted and Marina Vape lost potential customers and contracts.

177.   Defendants actions caused both a direct loss of goodwill in Marina Vape's business and a direct loss of revenue from lost Prospective Customers resulting in economic harm.

178.   Defendants conduct was willful.

179.   Marina Vape is thus entitled to recover compensatory damages from Defendants for their Intentional Interference with Prospective Economic Relations.

## **PRAYER FOR RELIEF**

WHEREFORE, Marina Vape, LLC respectfully requests that this Court enter judgment against the Defendants and for the following relief:

1.   A judgment enjoining Defendants, and all of their agents, representatives, and affiliates, preliminarily and permanently, from either: (1) using any trademarks that are confusingly similar to Marina Vape's Jazzy Boba and Dewwy Boba trademarks; or (2) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendants and Marina Vape;

2.   A judgment that Defendants account for and disgorge to Marina Vape all of the profits realized by Defendants, or others acting in concert or participating with Defendants, resulting from Defendants' acts of trademark infringement and unfair competition;

3.   A judgment awarding compensatory damages, plus interest, in an amount to be determined;

4.   A judgment that Marina Vape be awarded three times Defendants' profits from its use of trademarks that are confusingly similar to the Marina Vape's

trademarks or three times Marina Vape's damages, whichever is greater, together with its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and (b);

5.     A judgment awarding Marina Vape its actual damages as well as Defendants' profits attributable to Defendants' copyright infringement under 17 U.S.C. § 504(b);

6.     A judgment that the trademark action is an exceptional case and awarding Marina Vape its attorneys' fees attributable to Defendants' trademark infringement;

7.     A judgment awarding Marina Vape monetary damages for intentional interference with contractual relations and intentional interference with prospective economic advantage.

8.     A judgment awarding Marina Vape its attorneys' fees attributable to Defendants' copyright infringement under 17 U.S.C. § 505;

9.     A judgment that Marina Vape recover the costs of this action plus interest; and

10.     A judgment awarding Marina Vape preliminary and permanent injunctive relief;

11.     A judgment awarding Marina Vape exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

12.     A judgment that Marina Vape be granted such other and further relief as the Court deems just and proper.

Dated:  February 12, 2016                    By: _/Stephen McArthur/_
                                                  Stephen Charles McArthur
                                                  The McArthur Law Firm
                                                  Attorneys for Plaintiff
                                                  MARINA VAPE, LLC

## DEMAND FOR JURY TRIAL

Marina Vape, LLC hereby demands a trial by jury of all issues so triable.

Dated: February 12, 2016                     By: _/Stephen McArthur/_
                                                  Stephen Charles McArthur
                                                  The McArthur Law Firm
                                                  Attorneys for Plaintiff
                                                  MARINA VAPE, LLC